43 F.3d 712
 310 U.S.App.D.C. 61
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Tony SERRANO, Appellant.
 No. 93-3164.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 14, 1994.
 
 Before BUCKLEY, RANDOLPH, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 36(b).
 
 
 2
 Appellant Tony Serrano was convicted in the United States District Court for the District of Columbia of unlawful possession with intent to distribute five grams or more of cocaine base, 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B)(iii), and sentenced to ten years in prison. On appeal, he raises two challenges to his conviction.
 
 
 3
 First, Serrano argues that the District Court erred when it denied his motion to suppress the crack cocaine discovered in his hand by the arresting officer, Sergeant Gerald Neill. He claims that Sergeant Neill lacked probable cause to arrest and, as a result, the search violated the Fourth Amendment prohibition against unreasonable searches and seizures. At the suppression hearing, Sergeant Neill testified that prior to making the arrest he had a clear, unobstructed view from 7-10 feet of Serrano leaning through the window of a car and showing the occupants a "rock" which, based on his long experience, he believed to be crack cocaine. Motions Hr'g Tr. at 7-8. Under the circumstances, this identification by an experienced narcotics officer established probable cause to arrest. See, e.g., United States v. Prandy-Binett, 995 F.2d 1069, 1071 (D.C.Cir.1993).
 
 
 4
 Second, Serrano claims that trial testimony of Officer David Stroud violated Federal Rule of Evidence 704(b), which prohibits expert witnesses from testifying that a defendant "did or did not have the mental state or condition constituting an element of the crime charged...." Fed.R.Evid. 704(b). We need not reach this issue. Because Serrano failed to object, he must demonstrate that permitting the testimony was plain error, which in turn requires a showing that it "unfairly prejudiced the jury's deliberations." United States v. Mitchell, 996 F.2d 419, 422 (D.C.Cir.1993). Serrano's trial testimony that he was "planning on selling some of [the crack cocaine] and smoking the rest of it" provided the jury with independent evidence of his possession with intent to distribute. Oct. 8, 1991, Trial Tr., at 8. Therefore, even assuming, arguendo, that Officer Stroud's testimony was improper, we cannot say that Serrano was unfairly prejudiced by it.
 
 For the foregoing reasons, it is
 
 5
 Ordered and Adjudged by the court that the judgment of conviction entered by the District Court be affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.